No. 30,639.

SLOVENSKA NARODNA PODPORNA JEDNOTA, a Fraternal Beneficiary
Society, *Plaintiff*, v. JULIA ZUPANCIC, *Appellant;* (FRANK ZU-
PANCIC et al., *Appellees*).

(11 P. 2d 1026.)

Opinion
filed June 4, 1932.

*E. W. Patterson* and *B. W. Weir,* both of Pittsburg, for the appellant.

*Caroline A. Lowe,* of Pittsburg, for appellees Frank Zupancic, Michael
Zupancic and Marie Hvala; *C. S. Denison,* of Pittsburg, Guardian *ad litem* for
appellees Stefany Anzel, Tony Anzel and Frank Anzel.

The opinion of the court was delivered by

BURCH, J.: A fraternal beneficiary society issued a benefit cer-
tificate to a member. At his death several persons claimed the pro-
ceeds of the certificate. The society interpleaded the claimants and
paid the money into court. The claim of Julia Zupancic was denied,
and she appeals.

The petition alleged the certificate was issued to Anton Zupancic,
and was in force at the time of his death, and stated the contentions

of the various claimants. When the certificate was issued Anna Rebsel, a niece of the member, was designated beneficiary. Afterwards the children of Anna Rebsel, Stefany Anzel, Tony Anzel and Frank Anzel, were designated beneficiaries. At the time of the member's death Julia Zupancic was the designated beneficiary. Julia Zupancic claimed as wife and dependent of the member. Stefany, Tony and Frank Anzel claimed as designated beneficiaries. Brothers and sisters of the member claimed as by-law beneficiaries. The petition contained, among others, the following allegations:

"That it has been claimed to the plaintiff society that Julia Zupancic was not the wife of said Anton Zupancic at the time of his death, and that she is not his proper beneficiary under the by-laws of plaintiff society, and that she is not entitled to receive said sum as the named beneficiary of Anton Zupancic, deceased, and that the plaintiff society does not know if Julia Zupancic was in fact the wife of Anton Zupancic at the time of his death, . . .

"That the various defendants have, do and are now threatening to bring action against the plaintiff to compel payment in full to each of them of said money, and without regard to the rights of plaintiff, and that it has not, at any time, colluded with any of said defendants, and that it does not know which of said defendants is legally entitled to said money and to whom of said defendants it ought of right to pay said money, and that it cannot safely pay said money to any of said defendants, and by the payment thereof be protected against the other defendants, . . .

"That the defendants and each of them should be required and compelled to appear in this action and to interplead herein and state their several claims on said money . . . and that the claims, demands, interests and rights of each and all of said defendants in and to said money due from the plaintiff society to the beneficiary or beneficiaries, if more than one, of Anton Zupancic, should be determined and fully settled in this action."

The petition concluded with an appropriate prayer. Julia Zupancic answered, and without alleging she was married to Anton Zupancic, alleged she was his wife and dependent upon him, and was entitled to the fund. The answers of other claimants alleged that Julia Zupancic was not the wife of Anton Zupancic nor dependent on him, and alleged that her claims as beneficiary were false and fraudulent. The answers also stated the facts on which the claims of the answering defendants were based.

The case was tried by the court. After the trial was concluded, and while the court held the case under advisement, Julia Zupancic filed a motion for judgment on the pleadings. The motion was denied, and denial of the motion is assigned as error. The motion was based on the decision of this court in the case of *Obrist v. Grand Lodge*, 123 Kan. 616, 256 Pac. 955. The syllabus reads:

"1. In an action between a named beneficiary and the heirs of the insured to determine the right to the proceeds of a fraternal beneficiary policy, the evidence examined, and held sufficient to support a finding that the named beneficiary was a dependent of the insured.

"2. The benefit society alone can raise the objection that the beneficiary designated in a certificate does not come within the class who may be designated under its by-laws."

The second paragraph of the syllabus and the corresponding portions of the opinion were superfluous. Conceding they were correct, they do not govern the present controversy.

In the cited case, Obrist and others sued the society as heirs at law of the certificate holder. The beneficiary designated in the certificate was made a party defendant. The society did not contest liability on the certificate, and raised no question concerning eligibility of the designated beneficiary to receive the proceeds of the certificate. In this instance the society took the initiative. It was plaintiff. The petition disclosed that eligibility of the designated beneficiary had been challenged by claimants who were entitled to the fund if the designated beneficiary were ineligible. The purpose of the action was to bring the conflicting claims before the court for determination. While the society did not champion any claimant it presented to the court the question of the eligibility of the designated beneficiary, and manifested assent and desire that the fund should be paid to others if the designated beneficiary were not qualified to receive it.

In order that the Obrist case may not be misapplied, it should be observed that the society which issued the certificate involved in that case was governed by the law of this state relating to fraternal beneficiary societies. That law restricted payment of benefits to designated persons and classes of persons. Such restrictions are not for the benefit of the society alone, and the society lacked power, by silence, inaction, waiver, or otherwise, to recognize a disqualified beneficiary. In such cases one entitled to receive the fund if the designated beneficiary is disqualified may raise the question of disqualification.

Julia Zupancic asserted that from December 7, 1927, to May 1, 1928, when the death of Anton Zupancic occurred, she was his common-law wife. The society was organized under the law of the state of Illinois. The answers of claimants other than Julia Zupancic pleaded that the statute law of Illinois declared common-law marriages to be null and void. At the trial a book called "Revised Stat-

utes of Illinois, 1905," was received in evidence. Section 4 of chapter 89 contained the pleaded statute. It is contended here the volume was not properly authenticated. The objection made at the trial was that the book was "not properly introduced." The reason for the impropriety was not revealed to the court. It is not contended that the statute was not pertinent to the issues. Whether the court gave consideration to the statute is not disclosed.

The issue of fact whether Julia Zupancic was common-law wife or dependent of Anton Zupancic was tried. Julia Zupancic was a witness in her own behalf. The court may have disbelieved material portions of her testimony, and there was substantial evidence from which the court might conclude she was not a qualified beneficiary. The court found generally in favor of Stefany, Tony and Frank Anzel.

The judgment of the district court is affirmed.