## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. WILKINS et al.

### No. 1776.

District Court, E. D. New York.

April 9, 1942.

Alexander & Green, of New York City (Herbert S. Ogden, of New York City, of counsel), for plaintiff.

Francis X. McGowan, of New York City (Paul R. Shaw, of New York City, of counsel), for defendant Florence M. Wilkins.

Fraser, Speir, Meyer & Kidder, of New York City (Gove B. Harrington and C. Clark Stover, Jr., both of New York City, of counsel), for defendant Veronica Wilkins.

MOSCOWITZ, District Judge.

This is an action of interpleader brought by the insurance company with the first and second wives of the decedent as contestants. The life insurance in issue was issued under a group policy taken out by the decedent's employer. That policy gave the insured the right to change the beneficiary and furthermore contained the following clause: "No assignment by any employee of any insurance under this policy shall be valid."

The original beneficiary was the first wife Florence M. Wilkins. On July 15, 1932 the decedent changed it to his executors and administrators. Divorce proceedings were then had between the parties and the Illinois divorce decree directed the decedent to change the beneficiary to read "Florence M. Wilkins". That change was made July 19, 1933. Thereafter the decedent remarried and, effective March 14, 1940, a further change was made making one-half payable to the second wife and one-half to the first.

It has been argued that the decedent sufficiently complied with the decree of the Illinois court when he effected the change in beneficiary to Florence M. Wilkins and that thereafter he was free to make any change he desired. Such a view would reduce the decree to a nullity and make it meaningless. Such a construction could never have been intended. Obviously the purport of the decree was to have the decedent make Florence M. Wilkins the beneficiary and continue her as such. Against such rights the second wife, Veronica Wilkins, a gratuitous beneficiary could assert no effective claim.

There remains, however, the necessity of determining what weight is to be given to the clause forbidding any employee to make an assignment of the insurance issued under the policy, since an irrevocable designation of a beneficiary in this case would be tantamount to an assignment. Moreover, it was a change based upon a valid consideration. Under such circumstances it has been held that the first beneficiary acquires a vested right which cannot be destroyed merely by naming a new beneficiary. Locomotive Engineers Mutual Life and Accident Insurance Ass'n v. Locke, 251 App.Div. 146, 295 N.Y.S. 689, affirmed 277 N.Y. 584, 13 N.E.2d 781; Zies v. New York Life Insurance Co., 237 App.Div. 367, 261 N.Y.S. 709. While the prohibition against assignment would appear to negate the possibility of creating a vested right in any beneficiary, it must be considered whether the second wife is in a position to claim the benefit of the nonassignability clause. That clause in a policy of this type is generally inserted for the benefit of others than the beneficiary. Where neither the employer nor the insurance company raises any objection to the irrevocable designation of a beneficiary, a new beneficiary, gratuitously named in violation of the court decree, cannot claim rights superior to those of the first wife.

Judgment accordingly.

Settle findings and decree on notice.