**W. T. PECKHAM, Administrator of the Estate of Goldie W. Swinney, Plaintiff-Appellee,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, an Insurance Corporation, Defendant,**

and

**Edith Swinney, Defendant-Appellant.**

No. 183–68.

United States Court of Appeals Tenth Circuit.

Sept. 10, 1969.

Fred R. Vieux, Augusta, Kan., for plaintiff-appellee.

Gerald L. Michaud, Wichita, Kan. (Orval I. Fisher, Wichita, Kan., with him on brief) for defendant-appellant.

Before MURRAH, Chief Judge, and PHILLIPS and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

In this Kansas diversity case, the plaintiff-appellee, Goldie W. Swinney,[1] seeks the proceeds of a group insurance policy. The policy was issued by Metropolitan Life Insurance Company for the benefit of employees of Socony-Mobil Oil Company, Inc. The deceased, William J. Swinney, was employed by Mobil at the time of his death and admittedly covered by the group policy.

The real dispute is between Goldie Swinney (the first wife) and Edith Swinney (the second wife). Goldie Swinney was married to the deceased for a number of years and designated as beneficiary under the group policy during their marriage. In October, 1958, Goldie Swinney was awarded a divorce by the Kansas District Court wherein a property division was made by court decree. In pertinent part, the state court ordered that Goldie Swinney "shall remain as beneficiary under a certain group life insurance policy on [Mr. Swinney's] life * * * for a period of not less than ten years. * * * [Mr. Swinney] shall maintain and pay the premiums on said policy for said period and shall retain * * * Goldie W. Swinney as beneficiary thereunder in the full amount as provided in said policy, and [Mr. Swinney] shall execute and sign any and all necessary agreements,

---

1. Goldie W. Swinney died subsequent to the judgment in the District Court and    W. T. Peckham was duly substituted as the Administrator of her estate.

assignments or other instruments to effectuate and carry out this provision."

Mr. Swinney carried out this provision until 1963 when he executed a change of beneficiary form in favor of his second wife, Edith Swinney. Apparently no notice of this change was given to Goldie Swinney. As named beneficiary, Edith Swinney claims all three benefits under the policy, i.e. life insurance benefits, annuity benefits, and survivorship benefits. Goldie Swinney claims the same benefits by virtue of the divorce decree.

After a full hearing, Judge Theis awarded the life insurance and annuity benefits to Goldie Swinney and survivorship benefits to Edith Swinney. The survivorship benefits were not funded by insurance at the time of the divorce and no appeal is taken from this part of the judgment. Edith Swinney appeals from that portion of the judgment awarding any benefits to Goldie Swinney. With minor exceptions to be noted, we affirm the judgment.

The decisive issue presented on appeal is the legal effect of the divorce decree vis-a-vis critical provisions of the group policy. No Kansas cases have been found directly in point. Our own research has disclosed two cases, however, where the court gave effect to a divorce decree vesting one spouse with the rights of a beneficiary in a non-assignable group policy as against the named beneficiary. See Equitable Life Assurance Soc. v. Wilkins, 44 F.Supp. 594 (E.D.N.Y.1942) and Metropolitan Life Ins. Co. v. Richardson, 27 F.Supp. 791 (W.D.La.1939). (The latter case treated the identical group policy here involved.) See also Metropolitan Life Ins. Co. v. Enright, 231 F.Supp. 275 (S.D.Calif.1964); Sbisa v. Lazar, 78 F.2d 77 (5th Cir. 1935); Candler v. Donaldson, 272 F.2d 374 (6th Cir. 1959); Goodrich v. Massachusetts Mutual Life Ins. Co., 34 Tenn. App. 516, 240 S.W.2d 263 (1951); Aetna Life Ins. Co. v. Creel, 390 S.W.2d 522 (Tex.Civ.App.1965); and 2 Appleman, Insurance Law and Practice § 961 p. 587. These authorities uniformly demonstrate a manifest respect for the divorce decree.

And rightly so, since it is deeply rooted in the equities of domestic relations. And cf. Prudential Ins. Co. v. Rader, 98 F.Supp. 44 (D.C.Minn.1951) where a property settlement obligating the husband to maintain a life insurance policy was enforced even though not incorporated into the divorce decree. Couch on Insurance 2d § 27:116.

The principles of these cases seem well in line with Kansas authority. In Tivis v. Hulsey, 148 Kan. 892, 84 P.2d 862 (S. Ct.1938) the court gave effect to an oral contract wherein the insured, for valuable consideration, agreed to name the plaintiff beneficiary of a life insurance policy procured under a group insurance plan. The court permitted the plaintiff to recover from the named beneficiaries on what appears to be a trust fund theory. Only one case relied upon by Edith Swinney appears to be contrary in principle to this result and we do not find it persuasive in view of the color of the Kansas case law. See Cadore v. Cadore, 67 So.2d 635 (Fla.S.Ct.1953). In any event in circumstances like these we will defer to the judgment of the Kansas judge. In the Matter of Cummings, 413 F.2d 1281 (10th Cir. 1969); Douglas-Guardian Warehouse Corp. v. Jones, 405 F.2d 427 (10th Cir. 1969); and Jamaica Time Petroleum, Inc. v. Federal Insurance Co., 366 F.2d 156 (10th Cir. 1966). Cert. denied 385 U.S. 1024, 87 S.Ct. 753, 17 L.Ed.2d 674.

Alternatively, Edith Swinney argues that, even so, the contract by its terms was non-assignable and that the divorce decree as thus enforced would impermissibly alter the terms of the contract. But a non-assignability clause is for the benefit of the insurer, who has not appealed. See Equitable Life Assurance Soc. v. Wilkins, supra.

There is some Kansas authority to the effect that, at least as to a fraternal insurance policy, "one entitled to receive the fund, if the designated beneficiary is disqualified, may raise the question of disqualification." Slovenska Narodna Podporna Jednota v. Zupancic, 135 Kan. 692, 11 P.2d 1026 (S.Ct.1932). Armed

with this principle, Edith Swinney asserts that Goldie Swinney was not an eligible beneficiary under the terms of the policy. A supplemental agreement added survivorship benefits to the policy and limited the class of eligible beneficiaries. Under its present terms, it would seem to exclude a divorced wife. But we need not decide that question either since the supplemental agreement was added December 1, 1961—over three years after the divorce decree.

We have reviewed the other issues raised and finding no error, would affirm absolutely but for the intervening death of Goldie Swinney. The policy apparently provides for periodic payments of the life insurance proceeds over a 36 month period, and, upon the death of the beneficiary within the payment period, payment of the remaining sums due to the contingent beneficiary. On the record now before us we cannot be positive whether Goldie Swinney died within this period and, if so, whether Edith Swinney qualifies as a "contingent beneficiary" under the policy. Since this matter was not submitted to the trial court, we remand for determination of this issue alone and otherwise AFFIRM its judgment.