ELBINGER *v.* ELBINGER

1. Divorce—Judgment—Construction—Trial Court's Power.
A trial court has the power to construe a divorce judgment and to effectuate its intent.

2. Divorce—Alimony—Basis of Computation—Remarriage—Community Property.
Total income of the defendant husband after income taxes was properly used by the trial court for computing defendant's liability for child support and alimony arrearage under a divorce judgment even though defendant had remarried and moved to a community property state where the divorce judgment used the defendant's total income after income taxes, because the trial judge's use of the same basis of computation merely gave effect to the intent of the judgment.

3. Divorce—Alimony—Vested Right—Remarriage—Community Property.
Plaintiff wife and her child acquired vested rights under a divorce judgment which provided that if defendant husband's income should change, the alimony and child support should be adjusted so as to equal respectively 15% and 25% of the increased income; any rights of the second wife of the defendant, who had moved to a community property state, were subject to the previously vested rights of the plaintiff and her child.

Appeal from Wayne, Horace Gilmore, J. Submitted Division 1 April 8, 1971, at Detroit. (Docket No. 7226.) Decided April 27, 1971.

References for Points in Headnotes
[1] 24 Am Jur 2d, Divorce and Separation § 415.
[2] 24 Am Jur 2d, Divorce and Separation §§ 627, 628, 649.
[3] 24 Am Jur 2d, Divorce and Separation §§ 601, 649.

Complaint by Rebecca Elbinger against Lewis P. Elbinger to recover alimony and child support arrearages. Judgment for plaintiff. Defendant appeals. Affirmed.

*John Urso* (Richard Durant, on the brief, acting under GCR 1963, 921), for plaintiff.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Timothy D. Wittlinger*), for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

PER CURIAM. The plaintiff was divorced from the defendant in Wayne County Circuit Court in 1956. The divorce judgment provided that the defendant pay the plaintiff $90 per month as alimony and $150 per month as child support. The judgment also provided that if the defendant's income should change, the alimony and child support should be adjusted so as to equal respectively 15 and 25 per cent of the increased income. Although defendant's income increased significantly over the years, he failed to increase the payments.

Plaintiff brought an action in the Wayne County Circuit Court to recover the arrearage. Defendant, having remarried and moved to Arizona, argued that since Arizona is a community property state the percentage computation should be based upon one-half of his income rather than the total income. The trial court computed the arrearage on the basis of the defendant's total income after income taxes. The defendant has appealed the judgment of the circuit court.

The only question raised on appeal is whether it was proper for the trial court to use the total income

after taxes as the basis for computation of the arrearage. The trial court has the power to construe the divorce judgment and to effectuate its intent. *Mitchell* v. *Mitchell* (1943), 307 Mich 366. The original judgment looked to the total income after income taxes as the basis for computation, therefore, it was proper for the court to use the total income as the basis for computation and thereby give effect to the divorce decree's intent.

The plaintiff acquired a vested right under the divorce judgment. Any rights of the second wife under Arizona's community property law would be taken subject to the previously vested rights of the first wife and the child of the first marriage.

We note that it would appear that the Arizona courts would not be willing to give the defendant the benefit of the construction which he favors. Under Arizona law obligations arising out of a previous marriage may be satisfied out of community property. *Gardner* v. *Gardner* (1964), 95 Ariz 202 (388 P2d 417).

Affirmed, costs to the plaintiff.