WHITE v MICHIGAN LIFE INSURANCE COMPANY

1. DIVORCE—JUDGMENT—PROPERTY RIGHTS—DISPOSITION—CLARIFICA-
   TION—CONSTRUCTION.
   A divorce judgment providing for continuance in force of insur-
   ance on life of father and designation of minor children of the
   parties as principal beneficiaries, which in the light of subse-
   quent events becomes unclear and requires clarification, may
   be construed by the court by looking to original divorce pro-
   ceedings.

2. DIVORCE—JUDGMENT—INSURANCE—AFTER-ACQUIRED INSURANCE—
   DISPOSITION—INTENT.
   A divorce judgment which makes no provision for after-acquired
   life insurance is unclear when in fact additional insurance was
   acquired after the divorce, and a trial judge may properly look
   to the divorce proceedings for clarification of the parties' intent
   regarding the after-acquired insurance.

3. DIVORCE—JUDGMENT—INSURANCE—AFTER-ACQUIRED INSURANCE—
   DISPOSITION—INTENT.
   A divorce judgment concerned itself only with a life insurance
   policy in effect at time of the divorce and, absent a provision
   regarding after-acquired insurance, did not affect additional
   insurance acquired by the husband after the divorce; therefore,
   the trial court properly awarded to the husband's widow by a
   new marriage, insurance proceeds under the after-acquired
   insurance which designated her as the beneficiary and limited
   recovery under the divorce judgment to the policy in existence
   at the time of divorce, thus effectuating the intent of the
   parties to settlement in the divorce.

Appeal from Saginaw, Joseph R. McDonald, J.
Submitted Division 3 November 8, 1972, at Grand
Rapids. (Docket No. 12111.) Decided November 27,
1972.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 376.
[2, 3] 44 Am Jur 2d, Insurance § 1736 *et seq.*

Complaint by Barbara J. White against Michigan Life Insurance Company to recover proceeds under life insurance policies. Judith Ann Breinig, as natural guardian of Scott Martin White and Dawn Marie White, minors, intervened as a defendant. Judgment of $15,000 to intervening defendant; judgment of $16,000 to plaintiff. Intervening defendant appeals. Affirmed.

*Albert C. Reinert,* for plaintiff.

*Seymour I. Rosenberg,* for intervening defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and DANHOF, JJ.

R. B. BURNS, P. J. David A. White married Judith Ann White (now Judith Ann Breinig) on October 22, 1960. Two children were born of that marriage. On September 26, 1966, David and Judith were divorced. The divorce judgment provided in part:

"It is further ordered and adjudged that the defendant, David Aaron White, shall maintain and carry adequate medical and hospitalization insurance for the two minor children of the parties and he shall further continue to pay the premiums on the life insurance of said children; and in addition thereto, he shall continue in force insurance on his life, and if already not the fact shall amend said policies to name the minor children as principal beneficiaries of said policies of insurance carried with the Equitable Life Assurance Society of U. S."

At the time of the divorce Mr. White was an employee of Consumers Power Company and participated in two employee group life insurance policies. One policy had been issued by the Equitable Life Assurance Society of the United States.

That policy consisted of $1,500 noncontributory coverage and $13,500 contributory coverage. The other policy had been issued by the Michigan Life Insurance Company and amounted to $2,000. The Equitable policy originally designated Judith Ann White as beneficiary. On July 14, 1966, Mr. White designated his mother as beneficiary of the Equitable policy.

On December 6, 1966, Mr. White entered the military service. He received a hardship discharge on April 18, 1967, and returned to Consumers Power Company on May 1, 1967. It is the policy of Consumers Power Company to grant a leave of absence to any employee, other than temporary, who enters the Armed Forces and to reinstate the employee to all benefits, including eligibility to purchase additional insurance, upon his return from military service. Accordingly, Mr. White's group life insurance was automatically reinstated on May 1, 1967. No new policy was issued to him. During Mr. White's absence Michigan Life had assumed the policy originally issued by Equitable. Mr. White did purchase additional insurance.

Mr. White had married Barbara J. White on December 3, 1966. On May 4, 1967, he designated the second Mrs. White beneficiary of his reinstated life insurance policies.

Mr. White was killed in an automobile accident on March 8, 1970. At the time of his death White was still employed by Consumers Power Company. His insurance coverage totalled $25,000 under the original Equitable policy and $6,000 under the original Michigan Life Policy.

At no time had David White designated his minor children as beneficiaries of either policy of life insurance.

The second Mrs. White initiated this action to

recover the $31,000 due under the policies. The first Mrs. White (now Mrs. Breinig) intervened on behalf of the minor children by her marriage with David White. The insurance company deposited the entire proceeds plus accrued interest with the trial court in discharge of its obligations.

The case was submitted to the trial court on the pleadings, stipulated facts, and copies of the insurance policies and related exhibits. The trial court found that the divorce judgment applied only to the policy originally issued by Equitable and assumed by Michigan Life. The trial court also determined that the judgment was limited to insurance in existence at the time of the divorce. Accordingly, the trial court made the following awards: $15,000 to the first Mrs. White on behalf of her minor children by Mr. White and $16,000 to the second Mrs. White.

By stipulation of the parties this appeal is limited to review of the propriety of awarding to the second Mrs. White that part of the original Equitable policy in excess of the $15,000 coverage carried by Mr. White at the time of the divorce.

MCLA 552.101; MSA 25.131 provides:

"Hereafter every decree of divorce shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment or annuity upon the life of the husband in which she was named or designated as beneficiary, or to which she became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was . heretofore or shall hereafter be written or become effective, and unless otherwise ordered in said decree such policy or contract shall thereupon become and be payable to the estate of the husband or to such named beneficiary as he shall affirmatively designate: Provided, That the company issuing such policy or contract shall be discharged of all liabil-

ity thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or on behalf of the insured or the estate of the insured or 1 of the heirs of the insured, or any other person having an interest in such policy or contract of a claim thereunder and the aforesaid divorce."

It is clear that the divorce judgment did make some provision as to life insurance then carried by Mr. White. Accordingly, the second Mrs. White, although named beneficiary of life insurance policies in effect at the time of Mr. White's death, is not entitled to the proceeds of those policies to the extent the divorce judgment provided otherwise. The gravamen of this case is the question, "What precisely did the divorce judgment provide as to insurance?"

A divorce judgment may not be collaterally attacked. However, the courts of this state have frequently held that it is proper to construe a divorce judgment providing for an adjustment of property rights when the intended disposition requires clarification. *Greene v Greene,* 357 Mich 196, 201 (1959); *Walker v Walker,* 327 Mich 707, 711 (1950); *Mitchell v Mitchell,* 307 Mich 366, 370 (1943); *Elbinger v Elbinger,* 33 Mich App 166, 168 (1971). When construing a divorce judgment it is proper for the trial court to look to the original divorce proceedings. *Tessmer v Tessmer,* 261 Mich 681, 683 (1933).

It is clear that the divorce judgment in this case is concerned only with the life insurance policy originally issued by Equitable. At the time of the divorce that policy was worth $15,000. At the time of Mr. White's death that same policy was worth $25,000. The divorce judgment makes no provision for after-acquired insurance. Therefore, in light of

subsequent events, the judgment is unclear and the trial judge was correct in looking to the divorce proceedings for clarification.

We agree with the trial judge that Judith and David did not intend to include in the property settlement insurance coverage obtained by David subsequent to the divorce. The transcript of the divorce proceedings contains the following agreement between David and Judith.

*(By Mr. Rosenberg):*
"*Q.* And life insurance, and we discussed that with your husband. Do you recall the amount he said was approximately the face amount of the Equitable Life Assurance policy?

"*A.* $13,000.

"*Q.* And you are so satisfied?

"*A.* Yes, I am.

"*Mr. Rosenberg:* I have nothing further, your Honor.

"*The Court:* And you have reached this property settlement?

"*Mr. White:* Yes, sir.

"*The Court:* All right. The judgment is signed."

The trial court's distribution of the $31,000 life insurance proceeds effectuated the intent of the parties to the property settlement.

Affirmed. Costs to plaintiff.

All concurred.