The **TRAVELERS INSURANCE COM-PANY, Plaintiff,**

v.

Bernice **LEWIS, Defendant and Appellant,**

**William Dean Lavender et al., Defendants and Respondents.**

No. 13662.

Supreme Court of Utah.

Jan. 24, 1975.

Glen S. Hatch, John D. Russell, Salt Lake City, for defendant and appellant.

Spencer L. Haycock, Jay D. Edmonds, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

During his lifetime and while he was married to his first wife, William E. Lavender took out an insurance policy on his own life and named his wife as beneficiary. Matrimonial difficulties beset the marriage, and the wife subsequently secured a decree of divorce containing the following language:

6. The defendant is hereby ordered to maintain in full force and effect the $5,000.00 life insurance policy on the life of the defendant with the plaintiff as beneficiary and the three minor children of the parties as contingent beneficiaries in the event the plaintiff remarries or dies.

Both parties remarried, and Mr. Lavender, contrary to the order above set out, changed the beneficiary of the policy to be his second wife. He and the second wife were thereafter divorced, and she has since remarried and is now Bernice Lewis, one of the defendants herein. The divorce decree between Bernice and Mr. Lavender makes no mention of the insurance policy.

When Mr. Lavender died, a dispute arose between Bernice Lewis and the children as to whom the proceeds of the policy should be paid. The insurer, plaintiff herein, brought this suit in the nature of a bill of interpleader and paid the money into court. Based upon a stipulated set of facts, the trial court granted summary judgment in favor of the children. This appeal followed.

The first wife, mother of the defendant children, makes no claim to the proceeds of the policy and was not joined as a party to the suit. Since she remarried, she has no right to the proceeds; besides, she is no longer named as the beneficiary. Despite this, the dissent in this case would award the proceeds of the policy to her.

This is an interpleader suit for the court to decide between various contending claimants to a fund in which the plaintiff has no interest. If the plaintiff herein is willing to take its chances on paying twice,[1] we should not worry about it. We do our duty by deciding which of the named claimants has the better claim to the money.

It is to be noted that the court in the first divorce suit had personal jurisdiction over William E. Lavender and under our statute[2] had continuing jurisdiction over him and his property. It ordered him to maintain the policy with his wife as beneficiary and the children as contingent beneficiaries in case the wife died or remarried.

The insurance company, being aware of this, properly brought the present suit, thereby placing the trial court in a position to exercise its equitable powers to deal with the rights of the parties under the two divorce decrees.

A court of equity can and should regard as done that which ought to be done; and, similarly, it can and should regard as not having been done that which ought not to have been done. Therefore, in judging the rights of these contending parties, the court should have disregarded the forbidden attempted change of beneficiary whereby the second wife was substituted for the first wife. There is ample authority to sustain the ruling of the trial court in holding that the provisions of a divorce decree control the disposition of

1. The likelihood of which we are unable to see.

2. Section 30-3-5, U.C.A.1953 (1973 Pocket Supplement).

the proceeds of an insurance policy between contending beneficiaries.[3] Since the first wife remarried and thereby, under the first divorce decree, prevented herself from taking the proceeds, and since that decree has never been amended, the contingent beneficiaries are entitled to the proceeds of the policy.

The fact that they were designated as "minor children" is no reason to deny them their rights. The term as used in the decree of divorce was merely descriptive of their status at the time, and we think it was not meant to make them contingent beneficiaries only during their minority.

We think that the trial court ruled properly in granting summary judgment to the children; and since the law supports that ruling, we should, and hereby do, affirm the judgment. Costs are awarded to the respondents.

CALLISTER, C. J., and CROCKETT and TUCKETT, JJ., concur.

HENRIOD, Justice (dissenting).

Appeal from a summary judgment in favor of three children as beneficiaries under a group life insurance policy in which one Lavender was the insured and his then wife, Helen Smith Lavender, was named as beneficiary. In my opinion, the case should be reversed.

Lavender married Helen Smith Lavender in 1941, who divorced him on June 13, 1960, obtaining custody of the three children mentioned above who then were Shana, 17, Dean, 14, and Joann, 5. The findings of fact in the decree recited the existence of the policy and said it "should be kept in force and effect by the defendant and the *plaintiff* should remain as the beneficiary of this policy, but in the event *she* remarries or dies, *the three children* should become the beneficiaries, and the defendant should be *permanently restrained* from changing the beneficiaries." This gratuity obviously attempted to change the terms of a policy of insurance,—which a divorce court can't do.

On December 14, 1962, Lavender married Bernice Lewis, *while his ex-wife*, Helen Smith Lavender, was *still unmarried and alive*, and still beneficiary under the policy. She remarried on January 27, 1963. About a month after he married Bernice, but while Helen was still unmarried, alive, and without Lavender having sought or obtained any modification of the divorce decree between him and Helen, and in complete disregard and violation of the court's restraining order against changing beneficiaries, Lavender applied to the insurance company and presumed to change the beneficiaries on the policy to "Bernice Lavender, Wife, *if living*, otherwise *to* William Dean Lavender, Son." The insurance company recognized the application, and noted the change as did Lavender's employer. About two years later, in *March 1965*, Bernice divorced Lavender and *the policy remained unaltered*, with the unauthorized change of beneficiaries remaining on the records of the insurance company and his employer, *until Lavender's death eight years later,*—at which time Lavender technically had no wife,—but nonetheless a beneficiary.

Counsel for Bernice Lewis urges that 1) Bernice, the second wife, is the sole beneficiary under the policy and 2) that that part of Lavender's first divorce decree, restraining change of the beneficiaries, was spent when the minor children attained their majority.

As to 1): Bernice claims as beneficiary on the strength of her status as "wife," (though her divorce decree did not mention the policy), coupled with the assumption that her designation as beneficiary *was valid and authorized by the insurance contract,* in which she claimed a vested interest resolvable on the death of Lavender.

3. Peckham v. Met. Life Ins. Co., 415 F.2d 312 (10 Cir. 1969); Equitable Life Assurance Soc. v. Wilkins, D.C., 44 F.Supp. 594; Goodrich v. Mass. Mut. Life Ins. Co., 34 Tenn.App. 516, 240 S.W.2d 263 (1951); Williams v. Williams, 276 Ala. 43, 158 So.2d 901 (Ala.1963).

In the first place, Lavender's first wife, Helen, at the inception of the contract, was the named beneficiary and entitled to any proceeds under the policy and was entitled thereto at the time Lavender attempted to change the beneficiaries,—an attempt which the court specifically decreed he could not indulge, which decree still was pending.

Counsel for Bernice suggests that the court cannot change the *terms* of an insurance policy. This writer agrees. Nonetheless such court can control who must pay the premiums and who shall receive the proceeds, after the named beneficiary *gets* them, and whether one may be restrained from changing beneficiaries especially in domestic relations matters. Our statutes [1] and the authorities generally [2] support such a view. Lavender's abortive attempt to circumvent the subsisting divorce decree was a contempt and flouting of the court's order and invalid as being against public policy, as well as an invitation for disciplinary action by the court.

The upshot of this case, therefore, is that Bernice is not entitled to anything, nor are William Dean Lavender, Shana L. Amador or Joann L. Sylvester, (all adults), since they were never named beneficiaries under the policy; and that the court's decree was valid as to 1) the injunction *against* changing the beneficiaries, but 2) invalid in its *attempt actually to change* the beneficiaries,—since the latter was an attempt to change the *terms* of the insurance contract, which terms, as a matter of fact, were the gut terms thereof.

The second upshot of this case is that the attempted change in beneficiaries being void, leaves Helen Smith Lavender as *the only named beneficiary under the policy* entitled to its proceeds upon the death of Lavender.

The third upshot of this case is that the plaintiff insurance company joined all possible and potential interested parties except the one who, from the record here, was entitled—Helen Smith Lavender.

The judgment should be vacated and the case remanded for further proceedings. One wonders what would have ensued had the insurance company paid the named beneficiary according to the terms of its written contract, after expunging its records of the void attempt by Lavender to change the beneficiary. At the very least, the original beneficiary, Helen Smith Lavender, should have been joined in this lawsuit as a proper and indispensable party. One also wonders what the United States would do in the case of a divorce court changing the beneficiary of a non-negotiable government defense savings bond. (All emphasis added.)

1. Title 30-3-5, Utah Code Annotated 1953.

2. Equitable Life v. Wilkins, 44 F.Supp. 594 (E.D.N.Y.1942); Dixon v. Dixon, 184 So.2d 478 (1966); Peckham v. Met. Life Ins. Co., 415 F.2d 312 (10th Cir. 1969).