Mary F. NIELSEN et al., Plaintiffs and Respondents,

v.

Margaret F. NIELSEN et al., Defendants and Appellants.

No. 14062.

Supreme Court of Utah.

June 2, 1975.

9. 100 Utah 485, 116 P.2d 406.
10. 82 Utah 195, 22 P.2d 343.

Keith E. Sohm, Salt Lake City, for defendants and appellants.

C. Glenn Robertson of McIntosh & Robertson, Salt Lake City, for plaintiffs and respondents.

TUCKETT, Justice:

The plaintiffs are the divorced wife and children of Robert C. Nielsen who died on September 19, 1974. The plaintiff and Robert C. Nielsen were married on February 3, 1951, and the children listed as plaintiffs were born during the course of the marriage. Mary F. Nielsen and Robert C. Nielsen were divorced on June 8, 1960. One of the provisions of the decree of divorce was that "the defendant [Robert C. Nielsen] must keep in full force and effect the $5,000 group insurance policy at Kennecott Corporation with the beneficiaries thereon being the plaintiff herein and the minor children." Robert C. Nielsen was also ordered to pay alimony and support money, which he continued to pay until his death, in the approximate sum of $48,000. The policy of group insurance in effect at the time of the divorce was group policy No. G–160200 and certificate No. 10285 for the amount of $5,000. At the time of the death of Robert C. Nielsen he was insured under a different group policy in the sum of $20,500. Robert C. Nielsen remarried, after the divorce, to Margaret F. Nielsen, who was named beneficiary on May 18, 1970. The issue to be resolved in these proceedings is whether or not the plaintiffs, who are the divorced wife and children of the decedent, or the second wife should be entitled to the face amount of the policy existing at the time of Robert C. Nielsen's death.

The courts quite frequently in divorce decrees providing for alimony and support money require the husband to provide insurance to insure that alimony and support payments will be forthcoming in order that the wife and children will not become public charges should the husband die while the wife and children are still dependent upon him for support. In this matter the record indicates that the youngest child is 19 years of age, and that all of the children are married or self-supporting. The record also indicates that Margaret continued to work during her marriage to Nielsen, and that her earnings were used to pay alimony and support money to the plaintiffs when Nielsen was ill and unable to work.

A somewhat similar problem was before this court in the case of Travelers Insurance Co. v. Lewis,[1] which dealt with an insurance policy similar to the one here involved in the sum of $5,000, but that case did not deal with after acquired insurance in a greater amount. The provision of the decree involved in these proceedings specifies only insurance in the sum of $5,000, and it is therefore distinguishable from other cases where in a divorce settlement the wife is awarded a particular insurance policy by number or other identification. In those cases insurance policies so identified are treated the same as other items of property awarded to the wife.

In this case, in keeping with our prior decision, and in view of the fact that it appears that the trial court in the divorce proceedings intended only to insure payment of the alimony and support money awarded thereunder, we hold that the plaintiffs are entitled only to recover $5,000, the amount specified in the divorce decree. The balance of the proceeds of the after acquired insurance policy is pay-

---

1. Utah, 531 P.2d 484.

able to the named beneficiary, Margaret F. Nielsen.[2]

This matter is remanded to the court below to modify its judgment and to enter a judgment in accordance with the views herein expressed. No costs awarded.

ELLETT, CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I dissent for reasons stated in the dissent in Travelers Insurance Company v. Lewis, (Utah) 531 P.2d 484 (1975).

---

2. White v. Michigan Life Ins. Co., 43 Mich.App. 653, 204 N.W.2d 772; Lock v. Lock, 8 Ariz. App. 138, 444 F.2d 163.