Barbara Jean **MADSEN** and Barbara Jean Madsen, as Guardian Ad Litem of Deborah Jean Moffitt, a minor, Plaintiffs and Respondents,

v.

**ESTATE** of Eugene Tifton MOFFITT, Jr., Deceased, et al., Defendants and Appellants.

No. 14027.

Supreme Court of Utah.

Nov. 4, 1975.

Robert Van Sciver, of Athay, Bown & Van Sciver, Salt Lake City, for defendants-appellants.

Hollis S. Hunt, Salt Lake City, for plaintiffs-respondents.

TUCKETT, Justice:

The plaintiffs initiated these proceedings for the purpose of adjudicating ownership of the proceeds of a life insurance policy on the life of Eugene Tifton Moffitt, Jr., and issued by the defendant Equitable Life Assurance Society of the United States. The district court entered judgment in favor of the plaintiffs, and the defendants, excepting the insurance company, have appealed to this court.

The decedent, Eugene Tifton Moffitt, Jr., was an employee of Mountain States Telephone & Telegraph Company, and as an incident of his employment, he was insured by a group policy issued in January, 1958, and a supplemental policy issued February 1, 1967, by the defendant insurance company. In 1967, the decedent and Barbara Jean Moffitt (now Madsen) were di-

vorced. In connection with the divorce proceedings, decedent and Barbara Jean entered into a stipulation pertaining to the payment of alimony, support for the minor child of the marriage, and a division of the property and assets acquired during the marriage. That part of the stipulation dealing with life insurance is in the following language:

> The defendant hereby stipulates and agrees to maintain in full force and effect the *life insurance he presently maintains* through group coverage in connection with his employment for the benefit of plaintiff and the minor child, and in addition, to maintain health and accident insurance through such group coverage for the benefit of the minor daughter of the parties. [Emphasis added.]

The stipulation of the parties was approved by the court in the divorce decree.

The parties to the divorce have now remarried, the decedent having married Arlene C. Moffitt on May 28, 1968, and on June 11, 1968, the decedent changed the named beneficiary of the life insurance policy and named Arlene as beneficiary. The coverage under the life insurance policy increased as the decedent's salary with his employer increased, and at the time of his death on July 16, 1974, the coverage was $34,000. Barbara Jean Madsen, the daughter of decedent's first marriage, was 17 years old at the date of his death and has since reached her majority. Michael Moffitt, a son of the second marriage, was two years old at the time of his father's death.

The decedent and his former wife in arriving at the property settlement agreement in the divorce proceedings undoubtedly dealt with the property and other assets of the marriage as they then existed. That part of the stipulation above referred to

dealing with life insurance did not specify a particular policy by number nor was an amount mentioned. We assume that the parties knew of the insurance coverage at that time and had contracted in respect thereto. We also assume that the parties had full knowledge of the extent of the coverage dealt with as it then existed. We hold that the plaintiffs are entitled to the amount of the insurance as of the date of the divorce decree. The balance of the insurance proceeds should be awarded to the defendants in accordance with the terms of the policy. Similar problems have been decided by this court.[1]

The matter is remanded to the court below for a determination of the amount of the insurance coverage as of the date of the divorce and to modify its judgment in accordance with this opinion. The parties are to bear their own costs.

ELLETT, CROCKETT and MAUGHAN, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I respectfully dissent. The decision here does violence, in my opinion, to several basic legal principles because:

A. It permits the insured to break his promise stipulated to keep the insurance in force, — which condition obviously was designed to benefit the wife he was divorcing and the daughter he sired by her;[1] and

B. It condones the breach of his promise to obey the court decree requiring him to keep the policy in force, obviously for *their* benefit; and

C. It overrides the lower court's decision in the divorce action by ab initio, ex post facto destruction in part of the divorce decree by an unwarranted collateral attack on an existing valid judgment, thus looking askance at the res judicata concept;[2] and

---

1. *Travelers Insurance Co. v. Lewis,* Utah, 531 P.2d 484; *Nielsen v. Nielsen,* Utah, 535 P. 2d 1239. See also *White v. Michigan Life Ins. Co.,* 43 Mich.App. 653, 204 N.W.2d 772; *Lock v. Lock,* 8 Ariz.App. 138, 444 P.2d 163.

1. Which also must be construed to be a promise not to change the beneficiary of the policy.

2. Which resulted in his being in contempt of court, by changing the beneficiary.

D.  It makes out of holey cloth a misty third-party beneficiary situation without a whit of language in the prior divorce decree, the stipulation entered into by the parties, or the decree in which the latter was incorporated; and

E.  It assumes that there was a divisible life insurance policy,—or three distinct policies, as one may choose, to interpret the decision here: 1) the one based on a time period in which, to the then existing beneficiary, it was worth the amount due calculated as though the insured had died the instant the magic divorce decree was entered,—2) the second, payable to his estate and/or creditors, if he died, for example ten years later, not assuming he died at the time of the decree, and without having remarried, and 3) as here, payable to a wife he might have married eight years after his divorce from the first, but two years before he actually died.  To whom it would be payable for the increment on the policy during the eight years interim, is anyone's guess, but certainly such coincidence would test the wits of the probate court, the apparent illusory beneficiaries existing during the eight year period, that might appear as ghosts, the insurance company, in light of the insured's obvious contempt of court, resulting in his effecting an unauthorized change in beneficiary by concealing his divorce decree from the insurance carrier, the bewildered judge who may have granted the divorce, and more significantly the judge in the instant case, whose decree, in my opinion, was correct, based on the fundamentals mentioned above.

I think that the authorities cited in the main opinion in this case on appeal are not dispositive of the issues here, since this case has other aspects to it, including a binding stipulation of the parties, present here, not there, and a split-level structure based on split-up values based on an increase increment conditioned on passage of time, — present here, but not there.

I believe the trial court should have been sustained.