**Don F. PIERCE and Ernest E. Fitzgerald, d/b/a Fitzgerald Construction, Plaintiff-Appellant,**

v.

**Gayle C. FLYNN and Estate of Billy Joe Flynn, Deceased, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.

June 9, 1983.

Application for Permission to Appeal Denied by Supreme Court Aug. 29, 1983.

William B. Vest, Hendersonville, for plaintiff-appellant.

John Wesley Jones, Gallatin, for defendant-appellee.

## ABRIDGED OPINION

TODD, Presiding Judge, Middle Section.

(With the Consent of Participating Judges, the Original Opinion Has Been Abridged For Publication)

Plaintiffs' claim was asserted against Gayle C. Flynn by a suit in Circuit Court. The same claim was asserted against Billy Joe Flynn, deceased, by a filing in Probate Court. However, an agreed order was entered in Circuit Court "consolidating" the Circuit Court suit and the County Court claim; and this was treated as a consolidated circuit court suit against Billy Joe Flynn and Gayle C. Flynn.

The complaint alleged that defendants had purchased from plaintiffs a residence

on Steeplechase (Road) and as part of the consideration therefor had conveyed to plaintiffs a home on Holman Lane; that the written sale contract provided that plaintiffs would pay the existing mortgage on the Holman Lane home; that said provision was subsequently altered by oral agreement to provide that defendants would pay said mortgage; and that defendants had not done so.

Defendant, Gayle C. Flynn denied the oral alteration of the written agreement and counterclaimed "for affirmative relief". The attorney for the estate of Billy Joe Flynn filed an "exception" to the claim in Probate Court without stating any defense or claim for affirmative relief.

Upon trial of the consolidated cases without a jury, the Circuit Judge dismissed the suit against Gayle C. Flynn, dismissed the claim against the estate of Billy Joe Flynn and ordered as follows:

IT IS FURTHER ORDERED AND ADJUDGED that the original Defendant, Gayle C. Flynn, shall have and recover of the Plaintiffs a judgment for an amount equal to the balance owed to Investor's Savings and Loan Association thirty (30) days from the entry of this judgment, which amount shall be verified on the minutes by sworn affidavit, and that Plaintiffs may avoid execution on said judgment by voluntarily assuming or paying in full the mortgage owed to Investors Savings and Loan Association, in the name of the Defendant and/or her deceased husband within thirty (30) days following the entry of this judgment. In the event said mortgage is not voluntarily assumed or paid, execution may issue, if necessary.

■ The foregoing judgment is not a final judgment and is not subject to appeal as of right TRAP Rule 3(a). However, inasmuch as the appeal has been briefed and argued, this Court will dispose of the issues which are stated by appellants as follows:

I. The judgment of the Trial Court was erroneous as not being supported by the facts or law.

A. The Trial Court erred in failing to find an ambiguity in the contract in question; failed to apply the parol evidence rule appropriately; failed to fully interpret contract in question; and granting defendants' motion to dismiss at the close of plaintiffs' proof.

B. The Trial Court erred in failing to grant plaintiffs' motion for additional findings of fact and amended findings of fact based upon the evidence before the court.

C. The Trial Court erred by awarding a money judgment for counter-plaintiff inasmuch as the relief granted counter-plaintiff was outside the pleadings.

In his memorandum opinion, the Trial Judge stated:

"I do not find any ambiguity in the terms of the written contract for sale and the two addendums made thereto. I, therefore, hold the parol evidence not admissible to contradict the terms of the agreement to show any intention of the parties different from that stated in the contract." (F. 53–55)

■ Appellants first contend that there was a latent ambiguity in the original sales contract which was subject to clarification by parol evidence. The contract provision in question reads as follows:

"Purchase price $89,500.00, payable as follows: Buyer (Defendants) to trade home on Hollerman Lane for $55,460.00. Balance of $34,040.00 to be carried by Seller at twelve percent interest per annum payable at $340.40 per month until September, 1981, or sooner when balance will be paid in full. Seller (Plaintiffs) to assume Buyer's current mortgage of $15,000.00 or pay it off." (EX. 1)

Appellants miscontrue the plain wording of the instrument. There is no representation or agreement therein that plaintiffs were selling a house worth $89,500 for and were to receive therefor a total consideration of $89,500. The instrument merely names a "purchase price", from which sellers agreed to deduct $55,460 for the "trade in" of the buyer's house on which there was a mortgage of $15,000 which sellers as-

sumed. There was no representation or agreement that the buyers' house was worth $55,460 or that it represented a $55,460 benefit to the sellers as a trade-in. The instrument merely states that $55,460 will be credited on the $89,500 and the $15,000 mortgage will be assumed by the sellers.

Any evidence that the sellers (plaintiffs) did not agree to assume the $15,000 mortgage is a clear contradiction of the written instrument, hence within the prohibition of the parol evidence rule.

This Court is fully aware of the definition of latent and patent ambiguities as set out in authorities cited by appellants, but the form of the contract above cited does not come within the definition of either. There simply is no ambiguity in the instrument.

■ There may have been ambiguity in the manner in which the parties intended the contract to be interpreted; but, where the parties have expressed their agreement in a written document of unmistakable terms, they are estopped to assert some private, unwritten intention in lieu of the clearly expressed written intent.

■ Appellants complain that the Trial Court refused to seek the true intent of the parties by considering the surrounding circumstances. The Trial Court had no duty to ascertain the intent of the parties unless and until there was found in the written agreement itself some uncertainty.

Appellants' first insistance is without merit.

Appellants next insist:

"The Trial Court erred in failing to grant plaintiffs' motion for additional findings of fact and amended findings of fact based upon the evidence before the court."

Appellants requested the Trial Judge to find 14 facts:

The only argument offered by appellants in support of the foregoing is as follows:

"In refusing to consider the above as issues before the Court and and necessary findings to be made, the Court totally ignored Plaintiffs' Complaint stating that it had not been paid its full purchase price of $89,500.00, and in so doing, rejected facts presented to the Court, uncontradicted, which would have materially affected the verdict. Although this case comes to this Court denovo with a presumption of correctness and the nature of findings of fact are within the discretion of the Court, Plaintiffs submit the Trial Court's failure to address or consider all relevant facts before it was an abuse of discretion, and a full review of the facts will clearly demonstrate that the evidence preponderates against the Trial Court's conclusion."

Appellants present no reason why any one of the above proposed findings should have been adopted by the Trial Court, and, (with a few exceptions) cite no part of the record which would support any one of said proposed findings. Even though this Court would be justified in disregarding the issue of refusal of additional findings, this Court makes the following responses to the 14 requests:

1. The written contract leaves no ambiguity as to price or manner of payment.

2. The sales price was established by the written contract as $89,500.

3. The evidence does not support the alleged payment of $73,600. The contract allowed credit of $55,460 for the Hollerman Lane property. This allowance was not conditioned upon conveyance of a clear title, in fact, the contract itself mentions a mortgage of $15,000, so that the $55,460 trade-in allowance was for the buyers' equity in the traded property.

    a. The agreed price was $89,500, fixed by the contract.

    b. No finding otherwise is possible under the parol evidence rule.

4. The fair market value of the property is immaterial.

5. The failure to repeat the assumption agreement in the deed is immaterial.

6. Plaintiffs received property for which they agreed to pay a $15,000 mortgage and grant trade in credit of $55,460. The actual

amount of benefit realized by plaintiffs is immaterial.

7. The closing statement did contain a trade-in credit of $55,460 as agreed.

8. The closing statement did reflect that the consideration of the deed from plaintiffs to defendant was a $55,460 trade in and a $34,040 mortgage note, all as provided in the contract.

9. Plaintiffs payments on the mortgage assumed by them are immaterial to the issues on appeal. On remand such payments may be material to the unpaid balance due on the mortgage and the consequent judgment to be entered against plaintiffs.

10. There was mutual assent, evidence by a written instrument.

11. Argumentative and contrary to the written contract.

12. Immaterial and repetitious.

13. Immaterial.

14. Contrary to written contract.

Appellants' insistence as to findings of fact is without merit.

■ Appellants next insist:

"The trial court erred by awarding a money judgment for counter-plaintiff inasmuch as the relief granted counter-plaintiff was outside the pleadings."

The "answer" of the defendant, Gayle C. Flynn reads in part as follows:

"For further and affirmative defense, the Defendant alleges that Plaintiffs have breached the contract of purchase between the parties, more specifically as to the second addendum thereto, wherein the Plaintiffs agree to record the warranty deed executed by the Defendant, and her now deceased husband, on or before October 1, 1981, and to assume the mortgage on said property held by Investors Savings & Loan Association.

That for said breach of contract, Defendant is entitled to reasonable attorney's fees and the costs of this cause. That said breach of contract, in addition to being an affirmative defense, should be treated as the counterclaim for the purpose of according Defendant affirmative relief.

Wherefore, Defendant prays to be dismissed with her costs and such other, further and general relief to which she may be entitled."

Although not suitable for inclusion in a form book, the foregoing is sufficient to place adversary on notice that a counter claim of particular character was being asserted. This is sufficient to support the judgment under review.

Appellants last complaint is without merit.

It is hornbook law that parol evidence is not admissible to vary the terms of a written instrument. See authorities annotated in 9 Tenn.Dig.Evidence & 397(1).

■ A court of chancery has the power to reform and correct errors in deeds produced by fraud or mistake. *Barnes v. Gregory* 38 Tenn. (1-Head) 230 (1858).

■ To be the subject of correction, a mistake in an instrument must have been mutual or there must have been a mistake of one party influenced by the fraud of the other. *Pittsburg Lumber Co. v. Shell* 136 Tenn. 466, 189 S.W. 879 (1916).

■ Reformation may be decreed where both parties agree as to the intention. *Sherman v. Cate* 159 Tenn. 69, 16 S.W.2d 25 (1929).

■ To authorize a reformation for mistake, the evidence must be clear and conclusive, *Davidson v. Greer,* 35 Tenn. (3 Sneed) 384 (1855), clear, certain and satisfactory, *Bailey v. Bailey,* 27 Tenn. (8 Humph) 230 (1847), clear, convincing and satisfactory, *Jones v. Jones,* 150 Tenn. 554, 266 S.W. 110 (1925), clear, cogent and convincing. *Whitaker v. Moore,* 14 Tenn.App. 204 (1938), full, clear and unequivocal, *Perry v. Pearson,* 20 Tenn. (1 Humph) 431 (1839).

The evidence in this record does not qualify by the foregoing standards.

The complaint requests no judicial reformation of the contract. On the contrary it relies upon an alleged oral reformation

which is denied in the answer of defendant, Gayle C. Flynn.

 The Trial Judge correctly held that a variation of the terms of a written instrument cannot be accomplished by parol evidence under the guise of an "oral reformation". A written instrument within the statute of frauds may be reformed only by a written instrument. 37 C.J.S. Frauds Statute of § 232 p. 731.

The judgment of the Trial Court is affirmed. Costs of this appeal are adjudged against appellants. The cause is remanded for such further proceedings, if any, as may be necessary and proper.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.