# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

**February 18, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

JOSEPH RUSSELL          )
     Plaintiff/Counter-Defendant  )
v.                    )
                       )
SECURITY INSURANCE INC.  )
     Defendant          )    No. 01A01-9803-CV-00135
MID-SOUTH INSURANCE     )
SPECIALISTS   and       )    Davidson Circuit 96C-866
NORTHLAND INSURANCE    )
COMPANIES           )
     Defendants/Counter-Plaintiffs/ )
     and  Counter-Defendants/   )
     Appellants          )
                       )
v.                    )
                       )
CHARLES MCPHERSON,    )
     Third Party Defendant/    )
     Third Party Plaintiff      )
     Defendant/Appellee     )

## APPEAL FROM THE FIFTH CIRCUIT COURT OF DAVIDSON COUNTY AT NASHVILLE, TENNESSEE

### THE HONORABLE WALTER KURTZ PRESIDING

RICHARD GLASSMAN and
RICHARD SORIN
Glassman, Jeter, Edwards & Wade, P.C.
26 North Second Street
Memphis, Tennessee 38103
     Attorneys for Defendants/Appellants

ANNE RUSSELL
2021 Richard Jones Road
Suite 350
Nashville, Tennessee 37215
     Attorney for Third Party Plaintiff/Appellee

## AFFIRMED AND REMANDED

PATRICIA J. COTTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# OPINION

In this action two insurance companies sought to reform a contract providing for $25,000 in medical payment coverage based on a claim that the $25,000 amount, which appeared in the original policy and two renewals, was a typographical error. The companies insisted that $2500 was the correct amount since the insured requested "maximum coverage" and $2500 was the maximum coverage the company offered for the type of insurance involved. The trial court denied the insurance companies' motion for summary judgment, refusing to reform the contract, and granted the third party beneficiary's motion for summary judgment for enforcement of the contract as written. We affirm the judgment of the trial court.

The facts of the case are uncontroverted. The original plaintiff, Mr. Joseph Russell, purchased two SeaDoo waverunners and proceeded to secure insurance coverage for them. He asked his insurance broker to obtain a policy with the "maximum coverage". Mid-South Insurance brokered the transaction in which the policy was issued by Northland Insurance Companies. The policy was purchased on July 21, 1992, and was renewed on July 22, 1993 and July 22, 1994. Mr. Russell paid all of the premiums. The amount of coverage for medical payments listed on the face of the policy and both renewal notices was twenty-five thousand dollars ($25,000).

On May 25, 1994 Charles McPherson, a guest of Mr. Russell's, was riding one of Mr. Russell's waverunners when he had an accident and sustained a broken femur. This injury resulted in $29,000 in medical expenses for Mr. McPherson. Mr. McPherson made a claim under Mr. Russell's insurance policy.

Northland Insurance Company took the position that they were only liable for $2500 dollars in medical payments and that the $25,000 figure appearing on the policy and on the renewal notices was a typographical error.

The insurance companies argue that the original contract should be reformed so that it will reflect the amount of medical payment coverage as twenty-five hundred dollars ($2500). They contend that the typographical error showing a $25,000 maximum does not reflect the true agreement of the parties and represents a mutual mistake. They contend that since the insured requested "maximum coverage" and since $2500 was the maximum coverage they offered, there was an agreement between the parties which the policy did not accurately reflect. In a thorough and well-reasoned Memorandum, the trial court held that there was no mutual mistake and refused reformation of the contract.

The reformation of a contract is an equitable remedy applicable to insurance contracts, like other types of contracts, where there is a mutual mistake of the parties. *Cincinnati Insurance Co. v. Post,* 747 S.W.2d 777 (Tenn. 1988); *Pierce v. Flynn,* 656 S.W.2d 42 (Tenn. App. 1983); *African Trading Int'l, Inc. v. Fireman's Fund Ins. Co.,* 583 S.W.2d 607 (Tenn App. 1979). A party seeking reformation must prove the grounds therefor by clear and convincing evidence.[1] *Cincinnati Insurance Co. v. Post,* 747 S.W.2d 781; *Rentenbach Engineering Co. v. General Realty Ltd.,* 707 S.W.2d 524, 527 (Tenn. App. 1985). The remedy of reformation provides an equitable means to carry out the true intent of the parties

---

[1] The standard has been described as clear and conclusive, *Davidson v. Greer,* 35 Tenn. (3 Sneed) 384 (1855), clear, certain and satisfactory, *Bailey v. Bailey,* 27 Tenn. (8 Humph) 230 (1847), clear, convincing and satisfactory, *Jones v. Jones,* 150 Tenn. 554, 266 S.W. 110 (1925), clear, cogent and convincing, *Whitaker v. Moore,* 14 Tenn. App. 204 (1938), full, clear and unequivocal, *Perry v. Pearson,* 20 Tenn. (1 Humph) 431 (1839). See *Pierce v. Flynn,* 656 S.W.2d 46.

where it is clear the contract, as written, does not accurately reflect that intent. *See* *Vakil v. Idnani*, 748 S.W.2d 196 (Tenn. App. 1987). Obviously, reformation by the Court to rewrite the contract necessitates that the intent of both parties be clear and be the same. Where there has been a meeting of the minds as to a contract, but the written instrument does not express what was really intended by the parties, the instrument may be reformed to conform to the agreement according to the intention of the parties. *Cincinnati Insurance Co. v. Post,* 747 S.W.2d 777 (Tenn. 1988); *Walker v. Walker*, 2 Tenn. Ct. App. 279 (1925).

The determinative question is whether there is clear and convincing evidence that the $25,000 figure on the policy was a mutual mistake. A mutual mistake is one that must be common to both parties. It must be shown that both parties intended to agree to the same thing, but the contract, through error, fails to express that mutual and identical intent. A mutual mistake is one where both parties to a bilateral transaction share the same erroneous belief, and their acts do not in fact accomplish their mutual intent. *Id.*

In this case, the trial court found:

> This was not a mutual mistake, but rather a unilateral mistake. The insurance companies cannot redefine the insured's intentions after the fact. Furthermore, it would be irrational to allow one party to a contract to unilaterally define a term such as "maximum coverage."

We agree with the trial court's conclusions.

In this case the insured asked for the "maximum coverage". The insurance company responded with a policy stating that coverage as $25,000. The insured had no way of knowing that the insurance company intended to provide only $2500 as maximum coverage when the policy and renewal notices he received

provided otherwise. "A mistake by one party coupled with ignorance thereof by the other party does not constitute a mutual mistake." 76 C.J.S. Reformation of Instruments § 29 at 382 (1996).

Appellants have neither alleged nor shown any evidence that the insured had been informed of or had acknowledged or accepted Northland's interpretation of "maximum coverage" as $2500. These defects are fatal to Appellants' claim because they demonstrate the lack of any identical intent between the parties to the contract which differs from the language of the contract itself. See *City of Memphis v. Moore*, 818 S.W.2d 13 (Tenn. App. 1991). This was not a mutual mistake, but rather a unilateral mistake by the insurance companies. Reformation of a contract is not available as a remedy in a case involving unilateral mistake.

Accordingly, the judgment of the trial court denying summary judgment and reformation of the contract to Mid-South and Northland and granting summary judgment to Mr. McPherson is affirmed,[2] and the case is remanded for whatever further proceedings may be required.[3] The costs of this appeal should

---

[2] Appellants do not dispute Mr. McPherson's entitlement to judgment for the amount of policy coverage, but merely dispute the amount.

[3] It appears there may be a question of finality of the order appealed from, although that issue was neither raised nor briefed by the parties. On its face, the order appears to be a final judgment disposing of all claims and parties. However, Appellee's brief includes a brief statement that "there remains a claim for bad faith." The record reveals that Third-Party Plaintiff brought a claim for bad faith and specifically "reserved" the issue of bad faith and additional damages in his motion for summary judgment on enforcement of the insurance contract. The record also indicates the trial court's awareness of and regard for the rules regarding finality of orders, and the Order includes language indicating the trial court's understanding that disposition of the summary judgment motions would dispose of the entire dispute between the parties. This Court is of the opinion that the trial court is the more appropriate forum for determination of whether the Order disposes of all claims. Therefore, to the extent that any issue exists regarding compliance of the Order appealed herein with the finality requirements of Tenn. R. App. P. 3 and Tenn. R. Civil P. 54, such defect is

be taxed to the appellants.

Appellee has requested this Court to find this appeal frivolous and to award him damages pursuant to Tenn. Code Ann. § 27-1-122. After due consideration of the entire record in this appeal, that request is hereby denied.

_____

PATRICIA J. COTTRELL, JUDGE

CONCUR:

_____

WILLIAM C. KOCH, JUDGE

_____

WILLIAM B. CAIN, JUDGE

---

waived pursuant to Tenn. R. App. P. 2, in the interest of judicial economy in view of the advanced stage of this appeal.