MERRITT *v.* SCRUGGS *et al.*

*(Nashville,* December Term, 1937.)

Opinion filed Feb. 12, 1938.

W. J. SMITH, of Franklin, for complainant.

E. W. EGGLESTON, of Franklin, for L. B. Scruggs.

CROWNOVER & CROWNOVER, of Nashville, for Hortense Majors.

HIGGINS & MOORE, of Nashville, for Metropolitan Life Ins. Co.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The Metropolitan Life Insurance Company, on February 28, 1927, issued a 25-year endowment policy to

Emma J. Merritt insuring her life in the amount of $1,000. The policy was made payable as follows:

"to the Insured if living on the 28th day of February, 1952, or to William D. Merritt, Husband Beneficiary, upon receipt of due proof of the prior death of the Insured. The right on the part of the Insured to change the Beneficiary, in the manner hereinafter provided, is not reserved."

William D. Merritt, the named beneficiary, died intestate January 16, 1934, predeceasing the insured. No children were born to the union. Merritt had a son by a former marriage, the complainant, David Merritt, who was his sole heir at law. Shortly after the death of her husband, Mrs. Merritt married the defendant L. B. Scruggs. No children were born of this union. Mrs. Scruggs died intestate on October 12, 1936, leaving her husband L. B. Scruggs, and her illegitimate daughter, Hortense Majors, her sole heir at law, surviving her.

David Merritt filed his original bill herein against L. B. Scruggs, individually and as administrator of the estate of Emma Joe Merritt Scruggs, deceased, and the Metropolitan Life Insurance Company, insisting that the insured did not reserve the right to change beneficiaries · in the policy issued by it, so that immediately upon the execution and delivery of the policy to the insured, William D. Merritt, the named beneficiary, took a vested interest therein, and upon his death, his vested rights passed by operation of law, under the statute of distribution, to his widow, Emma Joe Merritt, and to complainant, his only child and sole heir at law, each taking a one-half interest in the proceeds of the policy.

The Metropolitan Life Insurance Company filed its answer to the original bill and admitted that it owed

$897.03 on account of the policy. Filing its answer as a cross-bill, it named Hortense Majors as a defendant, and was permitted to pay the proceeds of the policy into court.

L. B. Scruggs answered and insisted that under the provisions of the policy upon the death of William D. Merritt, the beneficiary, his interest in the proceeds of the policy vested in the insured, and continued in her until her death, whereupon the same passed under the statute of distribution to him, her surviving husband. Code 1932, section 8389.

Hortense Majors filed an answer and cross-bill, and insisted that as sole heir at law of the insured, she was entitled to at least half of the proceeds of the policy.

The facts of the cause were stipulated by counsel for all the parties.

The chancellor found and decreed that the complainant, David Merritt, is entitled to one half of the proceeds of the policy, and the remaining half passes equally to Hortense Majors and L. B. Scruggs, as the surviving heir and husband, respectively, of the insured, and adjudged the entire costs of the cause against L. B. Scruggs, administrator, to be paid out of funds of the estate.

Both Hortense Majors and L. B. Scruggs, individually and as administrator, have appealed to this court and assigned errors.

It is insisted by appellants that the chancellor was in error in holding that William D. Merritt, the named beneficiary in the policy of insurance, took such a vested interest in the proceeds of the policy as that, upon his death prior to the death of the insured, his interest passed to his heirs at law, or distributees.

The policy is an endowment policy, payable "to the Insured if living on the 28th day of February, 1952, or to William D. Merritt Husband Beneficiary, upon receipt of due proof of the prior death of the Insured."

Under the policy, William D. Merritt took a vested interest, as beneficiary, the right to change beneficiary not being reserved, subject to be defeated by the insured surviving the term, *unless* his interest, upon his death, vested in the insured under the concluding sentence of paragraph 6 of the policy.

Section 6 of the policy, headed "Change of Beneficiary," is as follows:

"6. Change of Beneficiary:—When the right to change the beneficiary is reserved, and if there be no written assignment of this Policy on file with the Company, the Insured may (while this Policy is in force) designate a new beneficiary, with or without reserving the right of change thereafter, by filing written notice thereof at the Home Office of the Company accompanied by this Policy for suitable endorsement. Such change shall take effect upon endorsement of the same on this Policy by the Company. If any beneficiary shall die before the Insured, *the interest of such beneficiary shall vest in the Insured, unless otherwise provided herein.*" (Italics ours.)

■ It is the insistence of the appellee that the concluding sentence of the above section of the policy, being found under the heading "Change of Beneficiary," has application only in the event the right to change beneficiary was reserved. On the other hand, appellants insist that when William D. Merritt, the beneficiary, died before the insured, his interest vested in the insured, re-

gardless of the fact that the right to change beneficiary was not reserved.

Under section 6, above, when the right to change the beneficiary was reserved in the first instance, the insured may designate a new beneficiary "with or without reserving the right to change thereafter." If a change be made without reserving the right to change thereafter, could it be successfully maintained that the concluding sentence of section 6 had no application if the new beneficiary died before the insured? We think not. The situation created by naming a new beneficiary without reserving the right to change thereafter would be the same as where, in the first instance, such right was not reserved. If the concluding provision of the section has application in the one instance, it should have in the other. It seems to us the argument that the last sentence of the section is based upon the first words in the section, "When the right to change the beneficiary is reserved," falls down in the face of the fact that the change of beneficiary authorized may be made with or without the right to change thereafter.

■ ■ Furthermore, the provision found in the last sentence of section 6 would be utterly useless and so much surplusage, if intended to apply only when the right to change the beneficiary was reserved. When the right to change beneficiary is reserved, the beneficiary has a mere expectancy, depending upon the will and act of the insured. *Life Association* v. *Winn,* 96 Tenn., 224, 33 S. W., 1045. The death of the beneficiary before the death of the insured put an end to the expectancy, and it would be wholly unnecessary to provide that the mere expectancy should return to the insured. In such case, the death of the beneficiary before the death of the in-

sured would authorize the company to recognize the insured as sole owner of the policy. See discussion by HEISKELL, J., in *Metropolitan Life Ins. Co.* v. *May*, 10 Tenn. App., 221, at page 224.

The provision is that, "If any beneficiary should die before the Insured," etc. Undoubtedly the words "any beneficiary" were intended to include all beneficiaries, whether the right to name a new beneficiary was reserved or not. In our view, this is the reasonable construction to be placed on section 6 of the policy.

The right that William D. Merritt took as the named beneficiary was one subject to the terms and conditions of the policy. Joyce on Insurance (2 Ed.), vol. 2, sections 730a, 731; *Knoche* v. *Mutual Life Ins. Co. of N. Y.*, 317 Pa., 370, 176 A., 230. Hence, he took subject to the condition that if he should die before the insured, his interest should go to the insured.

For the reasons stated, the decree of the chancellor must be reversed. L. B. Scruggs and Hortense Majors are each entitled to one-half of the proceeds of the policy of insurance. Appellee David Merritt will pay all the costs of the cause.