**FIRST NATIONAL BANK OF SHELBY-VILLE, Plaintiff-Appellee,**

v.

**MUTUAL BENEFIT LIFE INSURANCE COMPANY, Uniformed Service Benefit Association, Defendants, John D. Booras, Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Feb. 18, 1987.

Application for Permission to Appeal
Denied May 4, 1987.

John T. Bobo, William S. Russell, Shelbyville, for plaintiff-appellee.

George C. Eblen, Shelbyville, for defendant-appellant.

CRAWFORD, Judge.

This is a dispute between plaintiff, First National Bank of Shelbyville, and defendant, John D. Booras, over the proceeds of a group life insurance policy on the life of defendant's brother, Peter D. Booras, deceased. The insurance company, Mutual Benefit Life Insurance Company, has paid into court the proceeds due under policy number G 1544–1 and is not involved in this appeal. The other defendant, Uniformed Service Benefit Association, is the group policy holder and is not involved in this appeal.

The facts are virtually undisputed and the evidence at trial consisted of the deposition testimony of Dorothy H. Jensen, a representative of the insurance company, who introduced the documents in the insurance company file pertaining to the dispute and the testimony of Edward G. Huffman, Jr., Executive Vice-President of the Bank.

In September, 1979, decedent obtained a $450,000 Small Business Administration guaranteed loan from the Bank. Pursuant to the provisions of a loan agreement between the decedent and the Bank, decedent agreed to "pledge" life insurance policies as additional security for the loan. On September 5, 1979, decedent executed and sent to Mutual Benefit a request for change of beneficiary for the policy in dispute, G–1544–1, and another policy, which was received by the insurance company and recorded on September 7, 1979. This form states:

The Mutual Benefit Life Insurance Company is hereby requested to change my

Designation of Beneficiary so that the amount of insurance at my death shall be payable as set forth below:

To First National Bank of Shelbyville, Tennessee, Creditor Beneficiary, as its interests may appear; any balance to Bedford Cheese Company of Shelbyville, Tennessee, if in existence at my death; if not, to all children born of the marriage of the insured and Edith S. Booras, equally or survivor.

This Creditor Beneficiary designation may be changed only with the consent of the Creditor Beneficiary, however, the insured reserves the sole right to change the Contingent Beneficiary designation.

On July 12, 1982, decedent executed another request for change of beneficiary for the disputed policy, G-1544-1, together with another policy. This form is identical to the form previously executed on September 7, 1979, except for the addition of the other insurance policy number.

On August 15, 1984, decedent, without the knowledge and consent of the Bank executed a request for change of beneficiary for policy number G-1544-1 designating his brother, defendant John D. Booras, as beneficiary. This form was received and recorded by the insurance company on August 20, 1984, and the decedent died shortly thereafter. The policy contains a provision that permits the insured to change beneficiaries.

The trial court found that the Bank had vested interest in policy number G-1544-1 by virtue of the change of beneficiary forms of September, 1979, and July, 1982, and that the request for change of beneficiary in 1984 without the consent of the Bank would not defeat its right under the policy.

The first issue that defendant Booras presents for review is whether the Bank held a vested interest in the policy to the exclusion of defendant Booras as a specifically named beneficiary.

Our research has failed to reveal a Tennessee case precisely dealing with the nature of a creditor benficiary's interest in a life insurance policy.

Generally, where the right to change the beneficiary has been reserved to the insured by the terms of the insurance policy, the beneficiary named in the policy has a mere expectancy and has no vested right or interest in the policy. *Merritt v. Scruggs*, 172 Tenn. 368, 112 S.W.2d 825 (1938); *Page v. Detroit Life Insurance Company*, 11 Tenn.App. 417 (1929). However, it is well established that where a party is required by a divorce decree to keep a life insurance policy in effect naming certain beneficiaries and is denied the right to change the beneficiary, the certain beneficiaries named have a vested interest in the policy. *Herrington v. Boatwright*, 633 S.W.2d 781 (1982); *Goodrich v. Massachusetts Mutual Life Insurance Co.*, 34 Tenn.App. 516, 240 S.W.2d 263 (1951). *See*, to the same effect, *Dossett by Dossett v. Dossett*, 712 S.W.2d 96 (Tenn.1986), where the beneficiaries were never named in the policy. While these cases establish a beneficiary's vested interest by virtue of a court decree, we find little to distinguish this situation from an enforceable contractual agreement of the insured. In *Goodrich*, the Court said:

> The following statement in 29 Am.Jur. Sec. 1314 is fully applicable to the case at bar:
>
> "Equities may arise in favor of the beneficiary in a life insurance policy which will deny the insured the right to change the beneficiary, as, for example, the insured, for a valuable consideration, estops himself from changing his designation of the beneficiary."
>
> There could hardly be a stronger case for the application of this rule than the case under consideration. Certainly if the insured himself were alive in a contest between him and the former wife, he could not be heard to say that he had either assigned the policy or changed the beneficiary. And, his privies can stand on no higher ground than he does. This is true because the rights of both an assignee and a beneficiary are derivatives. *Horton v. Employers, etc., Corp.*, 179 Tenn. 220, 164 S.W.2d 1016; and

*Hartford Accident & Indem. Co. v. Partridge,* 183 Tenn. 310, 192 S.W.2d 701. 34 Tenn.App. at 530, 240 S.W.2d at 270.

The treatises are generally in agreement with *Goodrich, 4 Couch on Insurance 2d,* § 27.65 (Revised ed. 1984), states:

A beneficiary may acquire a vested interest by contract based upon a valuable consideration that will be protected against subsequently named beneficiaries who have no superior equity, and a court of equity will not permit a change of beneficiary in favor of a donee that will prejudice the rights of a person whom the insured has made beneficiary in accordance with a contract based upon a valuable consideration, since the rights of the beneficiary are vested by virtue of the contract.

*2 Appleman Insurance Law and Practice* § 922 (1966 and Supp.1984) provides:

[A] person advancing money on the security offered by a certificate is to that extent protected by an equitable interest in the policy and the insured is estopped to change the beneficiary in violation of such equitable right.

*See also,* 46 C.J.S. Insurance § 1175(c) (1946), 44 Am.Jur.2d Insurance, § 1751 (1982 and Supp.1985).

▮ Defendant contends, however, that even if a creditor beneficiary does acquire a vested interest in the insurance policy the Bank in this case should not have such a vested interest because the Bank was named as a beneficiary of this policy by mistake. The proof relied upon by defendant for this assertion is the testimony of the insurance company representative Jenson that in her opinion the decedent did not intend to name the Bank as beneficiary in this particular policy. She testified that shortly before the decedent changed the beneficiary to his brother he notified the insurance company that there was a mistake in the previous designation of beneficiaries under the particular policy in question and he wanted to change the beneficiary in order to correct the mistake. However, Mr. Huffman, the executive vice president of the Bank, testified that the Bank was cognizant of the policy in question and

that it was intended all along that this policy be used as security for the Bank's loan. Furthermore, the proof is clear that the decedent designated the Bank as creditor beneficiary on the particular policy in dispute not once, but twice. In any event, there is nothing in the record to indicate any mutual mistake of fact which would be necessary to warrant relief. *See Pierce v. Flynn,* 656 S.W.2d 42 (Tenn.App.1983).

The only witness to testify in open court was Mr. Huffman, the vice president of the Bank. The trial judge, as the trier of fact, had the opportunity to observe his manner and demeanor as he testified from the witness stand. The weight, faith and credit to be given to any witness' testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. *Town of Alamo v. Forcum-James Co.,* 205 Tenn. 478, 327 S.W.2d 47 (1959); *Sisk v. Valley Forge Ins. Co.,* 640 S.W.2d 844 (Tenn.App. 1982).

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d). From our review of the record we cannot say that the evidence preponderates against the findings of the trial court and we find defendant's first issue for review without merit.

▮ The second issue for review is whether the bank failed in its proof that there remained a balance on the indebtedness on which they might claim the proceeds of any of the decedent's insurance policies. The trial court found that Mr. Huffman, executive vice-president of the Bank testified that after all proper credits the unpaid balance on the loan was approximately $250,000. It was stipulated that the face amount of the insurance policy involved was $48,000 and the court found that the Bank was owed an amount far in excess of the policy proceeds. We note that there was no countervailing evidence offered concerning the balance due on the

loan. From our review of the record we cannot say that the evidence preponderates against the findings of the trial court and we find this issue without merit.

The judgment of the trial court is affirmed and this case is remanded for such further proceedings as may be necessary. Costs are assessed against the appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.