# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| TOMMY NEAL HOLT, Deceased | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) |
| | ) |
| MARILYN KAY HOLLINGSWORTH | ) |
| HOLT, | ) |
| | ) |
| Defendant/Third-Party Plaintiff/ | ) |
| and Counter-Defendant/ | ) |
| Appellee, | ) |
| | ) |
| ELLIOTT NATHAN HOLT, | ) |
| | ) |
| Third Party Plaintiff and Counter- | ) |
| Defendant/Appellee, | ) |
| | ) |
| VS. | ) |
| | ) |
| VICKIE LEWIS, Administrator Ad | ) |
| Litem for the Estate of Sophia Holt, | ) |
| | ) |
| Third Party Defendant and | ) |
| Cross-Defendant/Appellant | ) |
| | ) |
| In Re: Proceeds of Old Line Life | ) |
| Insurance Company of America | ) |
| Policy Number 1878593L | ) |

FILED

April 15, 1998

Cecil W. Crowson
Appellate Court Clerk

Appeal No.
01-A-01-9707-PB-00314

Davidson Probate
No. 89D-1593

APPEALED FROM THE PROBATE COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE FRANK G. CLEMENT, JUDGE

FOR APPELLEES:

JOHN G. DOAK, SR.
2525 Lebanon Road
Nashville, Tennessee 37214

FOR APPELLANT:

JOHN L. WHITFIELD, JR.
95 White Bridge Road
Nashville, Tennessee 37205

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

In a marital dissolution agreement, Tommy Neal Holt agreed to procure a $100,000 life insurance policy and name his ex-wife as beneficiary, to hold the proceeds in trust for their minor child. When he subsequently obtained a life policy, he named his mother as beneficiary instead. The Probate Court of Davidson County ordered the proceeds paid to the ex-wife as trustee. We affirm.

## I.

Tommy Neal Holt and Marilyn Kay Holt had one child, Elliott Nathan Holt, born on June 27, 1978. The parents divorced in 1990 and the divorce court incorporated their marital dissolution agreement in the final decree. In addition to giving the wife primary physical custody of the child and setting child support to be paid by the husband, the agreement divided the property and apportioned the marital debt. In section XII of the agreement the parties agreed as follows:

> The Husband and Wife agree that the Husband shall maintain and keep in full force and effect a life insurance policy in the amount of one hundred thousand dollars ($100,000.00) to secure his obligations for the payment of child support and other debts as set out in this Agreement. The Husband and Wife agree that the parties' child, Elliott Nathan Holt, shall be named as the sole and irrevocable beneficiary of the Husband's one hundred thousand dollars ($100,000.00) life insurance policy as set out in this Agreement. The Husband and Wife agree that the Wife will be named as Trustee for the benefit of the parties' minor child. In her capacity as Trustee, the Wife shall be, and is hereby authorized and directed to use the proceeds to provide generally for the child's health, education and support. The Husband and Wife further agree that any monies in the Wife's possession as Trustee for the benefit of the parties' minor child will be given to the parties' minor child at age twenty five with all proceeds that are remaining in trust for the benefit of the child to be paid over to the child at the child's twenty-fifth birthday.

At the time of the divorce Mr. Holt did not have any life insurance. In 1992, when he and his son were living with his mother, he obtained a $50,000 policy but named his mother as the beneficiary. In 1995, as one of the benefits furnished by a new employer, Mr. Holt obtained a $40,000 policy and named his son as the beneficiary. When Mr. Holt died on

January 12, 1996, the proceeds of the $40,000 policy were paid to his son, and they are not part of this controversy.

Marilyn Kay Holt filed a complaint in the divorce court to enforce the final decree, and have the proceeds of the $50,000 policy paid to the clerk of the court pending a final hearing. The complaint named Sophia Holt, Mr. Holt's mother, and the insurance company as defendants. The insurance company interplead the funds and was dismissed from any further liability.

Sophia Holt died before process could be served on her. She left a will in which she bequeathed all of her property to Vickie Lewis. Ms. Lewis was named administrator ad litem of Sophia Holt's estate, and made her appearance in this case. Both sides filed motions for summary judgment, and the trial judge held that Sophia Holt had been named beneficiary of the policy to hold the proceeds for the use and benefit of her grandson, Elliott Nathan Holt; that Tommy Neal Holt intended to substitute his mother as trustee in place of his ex-wife. The court therefore ordered the proceeds paid to Marilyn Kay Holt, to hold them and apply them in accordance with the marital dissolution agreement.

**II.**

It is well settled in this state that an agreement within a marital dissolution agreement, to keep an existing insurance policy in force with the other spouse as the beneficiary, deprives the policy owner of the right to change the beneficiary. *See Goodrich v. Massachusetts Mutual Life Ins. Co.*, 240 S.W.2d 263 (Tenn. App. 1951). This result is based on estoppel by judgment or on a theory that the beneficiary spouse acquired a vested interest in the proceeds of the policy. *Id.* at 270. *See also Bell v. Bell*, 896 S.W.2d 559 (Tenn. App. 1994); *First National Bank v. Mutual Benefit Life Ins. Co.*, 732 S.W.2d 278 (Tenn. App. 1987); *Herrington v. Boatright*, 633 S.W.2d 781 (Tenn. App. 1982).

The appellant relies on an unreported case by the Eastern Section of this court which held that where the policy was not in existence at the time of the divorce, the other

spouse did not acquire a vested interest in any particular policy. *Brooks v. Brooks*, No. 03A01-9309-CH-00323, Knoxville, March 3, 1994 (*perm. to appeal* denied July 11, 1994). In *Brooks*, the court affirmed the lower court's determination that the first wife did not have an interest in a policy the deceased obtained after the divorce, in which he designated his second wife as the beneficiary. We distinguished *Brooks* in the subsequent case of *Moore v. Moore*, No. 01A01-9603-CH-00139, Nashville, Sept. 13, 1996 (*perm. to appeal granted* Jan. 27, 1997, *dismissed* Feb. 10, 1997), and held that the ex-wife did obtain a vested interest in a policy subsequently acquired with her as the beneficiary, but which had been changed at the time of the insured's death. We said, "We are of the opinion that plaintiff obtained a vested interest in the insurance proceeds once Mr. Moore complied with the court's order." *Id.* at *3.

Of course, this case is not like either *Brooks* or *Moore*. But to dismiss the appellee's claim solely on the vested rights theory would ignore the theory of estoppel on which the *Goodrich* court also relied. If the deceased had lived he could have been compelled to designate his ex-wife as the beneficiary under the policy. A donee beneficiary under the subsequently-acquired policy stands on no higher ground than he did. *Goodrich*, 240 S.W.2d at 270. This assumes that the designated beneficiary did not acquire a vested interest based upon a valuable consideration. *See First National Bank v. Mutual Benefit Life Ins. Co.*, 732 S.W.2d 278 (Tenn. App. 1987).

The result we reach in this case is in line with several maxims of equity, notably that "Equity considers done that which should have been done." Applying that maxim, "Agreements based on a valuable consideration are, in equity, considered, in the interests of the person entitled to their performance, as performed, and performed at the time when, and in the manner in which, they ought to have been performed." *Gibson's Suits in Chancery*, 6th ed. § 21. When no other rights intervene to cut off the equitable interest, the courts will enforce the equity. *Wallace v. P'Pool*, 4 Tenn. App. 30 (1926).

We are satisfied that the lower court's judgment should be affirmed. The cause is remanded to the Probate Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
WILLIAM C. KOCH, JR., JUDGE