IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS SEPTEMBER 19, 2003

## BOBBY R. ESSARY v. JOHN R. ESSARY

**Direct Appeal from the Chancery Court for Gibson County at Trenton**
**No. 14912-P & 15117-P Consolidated      George R. Ellis, Chancellor**

---

**No. W2003-00299-COA-R3-CV - Filed December 31, 2003**

---

This case involves a Chancery Court's denial of the Appellant's Motion to Set Aside Judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. For the following reasons, we affirm the lower court's denial of this motion and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Marcus M. Reaves, Denmark, TN, for Appellant

Stephen L. Hughes, Milan, TN, for Appellee

### OPINION

### Facts and Procedural History

The parties to this appeal are the two adult children of Ruth N. Essary ("Ruth" or "Deceased"). The dispute between the parties arose prior to Ruth's death when John R. Essary ("Appellant"), Ruth's son, transferred Ruth's real property to himself pursuant to a power of attorney. Ruth's other son, Bobby R. Essary ("Appellee"), subsequently filed a petition to set aside this transfer and appoint a conservator for Ruth.

During these proceedings, Appellee sought visitation rights with Ruth and obtained such rights by court order on September 22, 2000. However, Ruth passed away only days later on September 27, 2000. The court below dismissed Appellee's petition for a conservatorship for Deceased and reserved all other matters pending an order of the court.

On October 6, 2000, Appellee filed a petition to establish a lost will dated May 24, 1996, and codicil dated April 16, 1997, of Deceased. In December 2000, Appellant filed an answer to this petition and asserted that a will dated February 10, 1999, naming Appellant the executor of Deceased's estate, should control. The trial court consolidated all matters between the parties pursuant to Rule 42.01 of the Tennessee Rules of Civil Procedure and certified the will contest to the Circuit Court of Gibson County.

Upon a motion for summary judgment by Appellee, the Circuit Court found the instrument offered by Appellant invalid and remanded all other pending issues back to the Chancery Court of Gibson County. A hearing for the remaining issues between the parties was set for November 21, 2002. Though Appellant had significant contact with his attorney, was notified by his attorney the hearing was on November 21, 2002, and spoke with his attorney on two occasions on the day before the hearing, Appellant failed to appear in court for the hearing on this date and was represented by counsel only. The trial court entered a judgment against Appellant on the pending issues.

In response, Appellant moved to set aside the Chancery Court's judgment pursuant to Rule 60.02. In that motion, Appellant stated that his error was due to his mistake in writing down December 21, 2002, as the date for the hearing and "the stress and strain that this matter [had] placed on [Appellant]." After holding a hearing on this motion, the trial court denied Appellant's motion and Appellant timely appealed to this Court. The following issues are presented for our review:

I.    Whether the trial court correctly denied Appellant's motion to set aside the judgment pursuant to Rule 60.02; and
II.   Whether this appeal is frivolous and devoid of merit such that Appellee should be awarded damages in the form of attorney's fees and costs pursuant to Tenn. Code Ann. § 27-1-122.

For the following reasons, this Court affirms the decision of the trial court and remands for further proceedings.

**Standard of Review**

It is within the sound discretion of the trial judge whether to grant a motion based on Rule 60.02 grounds. For this reason, our review of such a decision is an abuse of discretion standard. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993) (citing *Banks v. Dement Constr. Co. Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991); *Toney v. Mueller Co.*, 810 S.W.2d 145, 146 (Tenn. 1991)). We are also mindful that "[t]he weight, faith and credit to be given to any witness' testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court." *First Nat'l Bank of Shelbyville v. Mut. Benefit Life Ins. Co.*, 732 S.W.2d 278, 280 (Tenn. Ct. App. 1987) (citing *Town of Alamo v. Forcum-James Co.*, 327 S.W.2d 47 (Tenn. 1959); *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844 (Tenn. Ct. App. 1982)).

**Rule 60.02 Motion to Set Aside**

Appellant argues the trial court abused its discretion when it refused to set aside the judgment based on Appellant's mistake of failing to appear in court on the hearing date. Rule 60.02(1) of the Tennessee Rules of Civil Procedure states that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . ." Tenn. R. Civ. P. 60.02(1). The Tennessee Supreme Court has also declared:

> [T]he mere negligence or inattention of a party is no ground for vacating a judgment against him. Carelessness is not synonymous with excusable neglect. Mere forgetfulness of a party to an action is not a sufficient ground for vacating or setting aside a judgment by default. Parties are not justified in neglecting their cases merely because of the stress or importance of their own private business and such neglect is ordinarily not excusable.

*Food Lion, Inc. v. Wash. County Beer Board*, 700 S.W.2d 893, 896 (Tenn. 1985) (quoting 46 Am. Jur. 2d *Judgments* § 718 (1969); citing *Dudley v. Stiles*, 386 P.2d 342 (Mont. 1963)).

Appellant argues that his mistake of writing down the wrong day for the hearing in addition to the "stress and strain" of the trial is sufficient cause to set aside the final judgment against him pursuant to Rule 60.02. We disagree. In this case, Appellant and his counsel both stated that they were in almost daily contact in the weeks before the trial and that Appellant spoke with this attorney twice on the day before trial. Additionally, in the supporting affidavit to Appellant's motion to set aside the final judgment, Appellant admits that his attorney advised him of the correct day for the hearing on November 21, 2002. The fact that Appellant wrote December 21, 2002,[1] rather than November 21, 2002, and that the proceedings were a strain on him falls far short of warranting the extraordinary relief of setting aside a final judgment in this case. Therefore, the trial court did not abuse its discretion when it refused to set aside the final judgment against Appellant.

## Damages from Appeal

Appellee argues that Appellant's appeal is frivolous and, therefore, requests this Court grant him the costs of this appeal, including attorney's fees incurred on this appeal. Tenn. Code Ann. § 27-1-122 (2000) states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001) (citing *Bursack v. Wilson*, 982

---

[1] This Court also notes that December 21, 2002, fell on a Saturday when the courthouse would be closed.

S.W.2d 341, 345 (Tenn. Ct. App. 1998); *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)).

After our review of the record, we agree with Appellee that this appeal is frivolous. The record is simply devoid of any evidence that the trial court abused its discretion by refusing to grant Appellant his motion to set aside the judgment. Considering the admissions made by Appellant and his attorney concerning the amount of contact the two had and that his attorney had advised him of the correct trial date, this appeal had no reasonable chance of success. Therefore, we remand this case to the Chancery Court for an assessment of costs and attorney's fees in favor of Appellee under Tenn. Code Ann. § 27-1-122.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court and remand for further proceedings consistent with this opinion. Costs are judged against Appellant, John R. Essary, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE